## H. K. ROBINSON v. DAVID PERRY.

CONSTITUTIONAL LAW; *Acts of General Nature, Restricted in Operation, Void.* Chapter 116 of the laws of 1870, amending section one of chapter 115 of the laws of 1869, prohibiting sheep from running at large except in Doniphan county, and except as otherwise provided, is unconstitutional and void.

*Error from Anderson District Court.*

ACTION by *Perry*, brought originally before a justice of the peace, to recover damages for injuries to *Perry's* crops alleged to have been committed by the sheep of *Robinson.* The case was taken to the district court by appeal. The defense was, "that the lands of said plaintiff, at the time of the alleged trespass, were not inclosed by a good, sufficient and legal fence." Plaintiff demurred. The district court, at the September Term 1874, sustained said demurrer; and upon trial gave judgment in favor of *Perry*, plaintiff, for the sum of $8.60, and costs. *Robinson* brings the case here on error.

*W. A. Johnson,* for plaintiff in error:

The court erred in sustaining the demurrer. Perry's premises, upon which the trespass was alleged to have been committed, were not at the time inclosed by a good, sufficient and legal fence. Sec. 1 of ch. 40, Gen. Stat. 1868, requires all fields and inclosures to be inclosed by a fence sufficiently close, etc.; § 4 of said act declares what shall be a sufficient and legal fence; and chapter 88, laws of 1873, amendatory of said ch. 40 of Gen. Stat., prescribes the dimensions and requisites of legal and sufficient fence. Both of said acts are laws of general nature and application throughout the state; 7 Kas. 592, 599, 479, 491; 12 Kas. 321. Section 17 of article 2 of the constitution, provides that all laws of a general nature shall have a uniform operation throughout the state. By ch. 40, in relation to fences, and ch. 105, in relation to stock, Gen. Stat. 1868, sheep are allowed to run at

large and graze on the prairies; and in said ch. 40, provisions are made for the assessing and recovery of damages done by trespassing animals, among which sheep are named, in inclosures surrounded by a sufficient and legal fence. And the only attempted limitations and restrictions on said ch. 40, in regard to sheep, are the acts which stand as ch. 115, laws of 1869, and ch. 116, laws of 1870. And said last-named chapters are unconstitutional and void, because they are contrary to and in conflict with said § 17 of article 2, of the constitution.

The opinion of the court was delivered by

VALENTINE, J.: The only question involved in this case is, whether chapter 116 of the laws of 1870 (page 239) is constitutional and valid, or not. The substantial portion of that chapter reads as follows:

"SECTION 1. That section one of chapter 115 of the laws of the state of Kansas, approved March 1st 1869, be so amended as to read as follows: SEC. 1.–All persons owning or having charge of any sheep, shall keep the same from running at large, except as in this act otherwise provided: *Provided*, That the provisions of this act shall not apply to the county of Doniphan.'"

Said original § 1 of chapter 115 of the laws of 1869, (page 229,) reads as follows: "SEC. 1.–All persons owning or having charge of any sheep in Johnson, Chase, Brown, Dickinson, and Atchison counties, shall keep the same from running at large, except as in this act otherwise provided." Section 2 of said last-mentioned act provides, that "the legal voters of any organized township in the said counties shall have the right at any township or general election to vote to be exempt from the operations of the preceding section," etc. Sections 3, 4 and 5 are concerning said election. Sections 6 and 7 provide for suits for damages caused by sheep running at large in violation of said § 1; and § 8 provides for taking up sheep as strays if found running at large in violation of said § 1. Now according to the decision made in the case of *Darling v. Rodgers*, 7 Kas. 592, said chapter 115 of the laws of

17—17 KAS.

1869 is unconstitutional and void.   It is in contravention of § 17 of article 2 of the constitution, which provides that "All laws of a general nature shall have a uniform operation throughout the state."   If it were enforced it would prevent the fence laws, stray laws, and other laws of a general nature, which, in effect, permit sheep to run at large, from having "a uniform operation throughout the state;" and therefore it would seem that it ought to be held void.   And if it were so held, then it would be necessary to hold that there was nothing in the act of 1869 (ch. 115) to be amended.   The act of 1870 was not intended to be a complete and original law in and of itself.   It was intended merely as an amendment of § 1 of the act of 1869, and was intended merely to take the place of that section.   And therefore it was not intended by the act of 1870 to absolutely prohibit sheep from running at large in all counties except Doniphan county; but it was only intended to so prohibit them from running at large in such places only as should not become exempt from the provisions of section one, by a vote of the people had under § 2 of said act of 1869.   But said § 2, as we have already stated, was void, and therefore the said act of 1870 could not by any construction have operation as intended by the legislature. We suppose it will hardly be claimed that the passage of the act of 1870 made valid the whole of the act of 1869, from section two to section ten.   If it did, it would be an extraordinary kind of legislation; but if it did not, then the act of 1870 could not have operation as intended by the legislature.   But said § 1 of the act of 1870 itself violates the provisions of § 17, article 2, of the constitution.   It is in substance a "law of a general nature," and yet it is not to "have a uniform operation throughout the state."   Doniphan county is excepted from its operation.   And the fence laws, stray laws, etc., are laws of a general nature, and yet these laws with respect to sheep, are by the operation of the act of 1870 to have operation in Doniphan county only.

We are constrained to hold that the act of 1870 is unconstitutional and void, and therefore the judgment of the

court below must be reversed, and cause remanded for a new trial.

All the Justices concurring.