The opinion of the court was delivered by
Horton, C. J.:
The only question involved in this case is, as to the constitutionality of ch, 113, Laws of 1877, entitled *78 “An act to regulate the salaries of county clerk and county treasurer in certain counties therein named.” The objections urged against the act are two: first, that it is in violation of § 16 of art. 2 of the state constitution, which ordains: “No law shall be revived or amended, unless the new act contain the entire act revived, or the section or sections amended, and the section or sections so amended shall be repealed.” Second, that it is also in violation of § 17 of art. 2, requiring that “All laws of a general nature shall have a uniform operation throughout the state; and in all cases where a general law can be made applicable, no special law shall be enacted.”
Neither of these objections is well taken. That portion of § 16, art. 2, quoted, was not intended to abolish the doctrine of repeals by implication, and to reverse the established maxim, that where statutes are inconsistent with each other, the la'tter repeals the former. The constitution of Maryland contains the following clause: “No law shall be revived, amended or repealed by reference to its title only.” The court said, in Davis v. The State, 7 Md. 152: “This was intended to prevent incautious and fraudulent legislation. It does not apply to an independent act using a new or reviving some previous policy of the state. In such cases, the enactment of one law is as much a repeal of inconsistent laws as if the latter were repealed by express words.” (Cooley Const. Lim. 185; Lehman v. McBride, 15 Ohio St. 573.)
The act of 1877 is clearly inconsistent with §4, ch. 96, Laws of 1875, and if otherwise valid, repeals by implication . the statute so far as Phillips and Norton counties are concerned. While repeals by implication are not favored, the provisions of the statute of 1877 are so irreconcilable with the provisions of the statute of 1875 as to the counties mentioned in the statute of 1877, that both cannot stand. The latter, if otherwise constitutional, must be applicable to the counties of Phillips and Norton.
The question presented under art. 2, § 17, is one of greater difficulty, and yet we think the statute of 1877 fairly comes within the decision of Beach v. Leahy, 11 Kas. 23. It was *79 decided in The State v. Hitchcock, 1 Kas. 178, that the legislature must determine whether its purpose can or cannot be expediently accomplished by a general law, and the mere fact that certain results could be accomplished by a general law, does not necessarily avoid a special law passed to effect them. In the statute of 1875 it was provided that county clerks should receive as compensation for their services in counties of five thousand and less than ten thousand inhabitánts, $1,200. Now, there must have been reasons in the minds of the members of the legislature for reducing the compensation of such officers in the counties of Phillips and Norton. Certainly they intended to do so by the act of 1877. We are referred to the case of Darling v. Rogers, 7 Kas. 592, and Perry v. Robinson, 17 Kas. 248, as conclusive authority against the statute of 1877. In the first case, the legislature attempted expressly to limit the operation of a law of a general nature, entitled “An act in relation to fences.” The attempted repeal by implication affected only certain specified localities, and these only for a term of years; therefore, that case is not strictly in point. In Robinson v. Perry, supra, the statute referred to was not intended to be a complete and original law in and of itself; it was intended merely as an ariiendment of §1 of the act of 1869. The statute of 1877 is a special act as to Phillips and Norton counties, for the compensation of the county clerk and county treasurer of those counties, and of the “nature, form and wording” of a special law. The legislature, under the constitution, has discretion to determine the necessity for such special laws, and such statute is analogous to those conferring authority by special acts upon counties, townships.' and school districts to issue bonds. If we hold that this statute is unconstitutional for any of the reasons alleged, nearly all of the special acts relating to counties, townships and school districts would be wiped out. It is somewhat difficult to follow out the logical results of the decisions of Beach v. Leahy, supra, and Darling v. Rogers, supra, but a distinction has been made by this court in regard to the construction of §16, art. 2. As to the *80 cases referred to in those two decisions, and within the opinion of the former case, we think the statute of 1877 can be sustained. Our conclusion therefore is, that the salary of the county clerk of Norton county, as fixed by law, cannot exceed $700 per annum, and that such salary shall be in full for all the services required by law to be performed in such office.
The judgment of the district court will be reversed, with direction that judgment be entered for plaintiff in error.
All the Justices concurring.