THE MIDLAND ELEVATOR Co. v. M. W. STEWART, *as Treasurer of Wyandotte County, et al.*

TAX *for County Purposes — Valid Statute.* Chapter 134 of the Laws of 1887, authorizing the board of county commissioners of Wyandotte county to levy and collect a tax not exceeding 10 mills on the dollar of the taxable property of the county for general county purposes, is not unconstitutional or void, but is valid, although the general law in force when said chapter 134 was enacted permitted counties such as Wyandotte to levy only 5 mills on the dollar for such purposes.

*Error from Wyandotte District Court.*

ACTION by the *Company* against *M. W. Stewart*, county treasurer of Wyandotte county, and others, to recover the amount of a certain tax paid by plaintiff. On May 7, 1892, a demurrer to the petition was sustained; wherefore the plaintiff comes here. The opinion states the facts.

*White & Earhart*, for plaintiff in error; *Thos. J. White*, of counsel:

1. The act of 1887 is in contravention of § 16, article 2, of the constitution. While the effect of the law, if otherwise valid, would be to change or alter the provisions of said § 220, chapter 25, General Statutes, upon the same subject, it neither refers to it, nor in terms repeals any provision of it. 11 Mass. 396; 7 Metc. 388; Cooley, Const. Lim. (5th ed.), 484.

2. Said act of 1887 is in contravention of § 1, article 11,

of the constitution, which requires that "the legislature shall provide for a uniform and equal rate of assessment and taxation." *Graham v. Comm'rs of Chautauqua Co.*, 31 Kas. 473; *Francis v. A. T. & S. F. Rld. Co.*, 19 id. 314; *Hines v. City of Leavenworth*, 3 id. 200; *Comm'rs of Ottawa Co. v. Nelson*, 19 id. 240.

3. Plaintiff claims that said act of 1887 is in contravention of the first clause of § 17, article 2, of the constitution, in (1) that it attempts by a separate act to limit or defeat the uniform operation of the provisions of a general law enacted prior, and still in force and unrepealed, being § 220, ch. 25, Gen. Stat.; and which, prior to the passage of said act of 1887, had a uniform operation throughout the state; (2) that said act of 1887 is itself a general law, or a law of a general nature, but not having a uniform operation throughout the state; and therefore, by it own provisions, contravenes the constitutional requirement. *Darling v. Rodgers*, 7 Kas. 592–600; *Robinson v. Perry*, 17 id. 248; *The State, ex rel., v. Riordan*, 24 Wis. 484; *The State, ex rel., v. Supervisors*, 25 id. 339; *The State, ex rel., v. Supervisors*, 62 id. 376; *Kelley v. The State*, 6 Ohio St. 269; Cooley, Const. Lim., pp. 483, 484, 485. See, also, *The State v. Philbrick*, 15 Atl. Rep. (N. J.) 579; *City of Pasadena v. Stinson*, 27 Pac. Rep. (Cal.) 602; *Beach v. Leahy*, 11 Kas. 23; *Comm'rs of Norton Co. v. Shoemaker*, 27 id. 77.

*Henry McGrew*, and *D. H. Morse*, for defendants in error:

We think the supreme court of this state, in *The State, ex rel., v. Cross*, 38 Kas. 699, with cases therein cited, has fully answered the objection made by counsel in their first contention, that the statute in question is unconstitutional and invalid.

In reply to the second contention of counsel for plaintiff in error, we admit that it is correct when applied to taxing districts; but the supreme court of this state, in the case of *Hines v. City of Leavenworth*, 3 Kas. 201, has clearly defined what is meant by a taxing district, in § 1 of article 11 of the constitution. See, also, *Comm'rs of Ottawa Co. v. Nelson*, 19 Kas. 235; *Francis v. A. T. & S. F. Rld. Co.*, 19 id. 303.

The case of *Darling v. Rodgers*, 7 Kas. 592, is a fence-law case, and the case of *Robinson v. Perry*, 17 id. 248, is a herd-law case. We think there is a marked distinction between a herd law or a fence law and a law of the character of § 220, chapter 25, of the General Statutes. The latter is not of uniform operation throughout the state, and is arbitrary, and, for no doubt wise reasons, the legislature deemed it necessary it should be so. The former laws come clearly within the provisions of § 17, article 2, of the constitution, and are, as therein defined, laws of a general nature. See, also, *Beach v. Leahy*, 11 Kas. 26; *The State, ex rel., v. Hitchcock*, 1 id. 178; *Comm'rs of Norton Co. v. Shoemaker*, 27 id. 78; *City of Wichita v. Burleigh*, 36 id. 40, 42; *Weyand v. Stover*, 35 id. 545; *The State, ex rel., v. Sanders*, 42 id. 233; *Comm'rs of Linn Co. v. Snyder*, 45 id. 639; *Comm'rs of Barber Co. v. Smith*, 48 id. 332.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Wyandotte county by the Midland Elevator Company against M. W. Stewart, county treasurer, S. S. Peterson, sheriff, and the board of county commissioners of said county, to recover the sum of $241.44, alleged to have been illegally levied against the plaintiff as taxes for the year 1891, and paid by the plaintiff involuntarily and under protest, and to prevent a seizure of its property. A demurrer to the plaintiff's petition was sustained by the court, on the ground that it did not state facts sufficient to constitute a cause of action, and plaintiff brings the case to this court.

It appears from the allegations of the plaintiff's petition that the taxable property in Wyandotte county for the year 1891 exceeded $13,000,000; that the county board for that year, and under provisions of chapter 134 of the Laws of 1887, levied a tax for general county purposes to the amount of 10 mills on the dollar of the valuation of the taxable property of that county, although, as claimed by the plaintiff, the county board would have no authority, under § 220 (or

more properly § 181) of the act relating to counties and
county officers. (Gen. Stat. of 1889, ¶ 1886,) to levy more than
5 mills on the dollar of such valuation.  The plaintiff admits
that a levy of 5 mills on the dollar of the valuation is legal
and valid, and claims that the excess over and above that
amount is illegal and invalid, and it attempts to recover only
the excess which it paid over and above 5 mills on the val-
uation; or, to state the question in other words, it is this:
It is admitted by both parties that if said chapter 134 is con-
stitutional and valid, then that the entire tax levied by the
officers and paid by the plaintiff is legal and valid; but if
said chapter 134 is void, and if § 220 (or more properly
§ 181) of the act relating to counties and county officers
governs, then the excess of the tax levied over and above 5
mills on the dollar of the valuation is illegal and void, and
the plaintiff may recover the same back in this action.  The
sole question, then, as is admitted by the parties, is whether
chapter 134 of the Laws of 1887 is valid or void.  It reads
as follows:

"An Act authorizing the boards of county commissioners of Cowley
   and Wyandotte counties to levy and collect a tax of not exceeding
   10 mills on the taxable property of said counties, for general county
   purposes.

"Be it enacted by the Legislature of the State of Kansas:

"Section 1.  The boards of county commissioners of Cow-
ley and Wyandotte counties are hereby authorized and em-
powered to levy and collect annually a tax of not exceeding
10 mills on the dollar on the taxable property of said coun-
ties, for general county purposes.

"Sec. 2.  Such levy when so made by said boards shall be
extended on the duplicate tax rolls, and shall be collected as
other taxes, and shall be in lieu of all taxes of general county
purposes.

"Sec. 3.  This act shall take effect and be in force from
and after its publication in the official state paper."  Approved
March 1, and published March 2, 1887.

Said § 220 (or more properly § 181) of the act relating to
counties and county officers, so far as it is necessary to quote
it, reads as follows:

"Sec. 220.  The board of county commissioners of any

county shall not levy upon the taxable property of such county a tax for current expenses of said county of any one year, in excess of the following amounts: Upon a valuation of . . . over nine millions, one-half of one per cent.: *Provided*, That the electors of the county, by a direct vote, may order an increase in such levies."

It is claimed by the plaintiff that the said act of 1887 is unconstitutional and void, for the following reasons: First, it is in contravention of § 16, article 2, of the constitution, for the reason that it is in effect an amendment of said § 220, having the effect to change and alter its provisions, and yet it does not contain the entire section as amended, nor repeal the original section, nor even mention it. Second, the new act is in contravention of § 1, article 11, of the constitution, which provides that "the legislature shall provide for a uniform and equal rate of assessment and taxation." Third, the new act is in contravention of § 17, article 2, of the constitution, for the reasons, (1) that it attempts by a separate act to limit or defeat the uniform operation throughout the state of a general law; (2) that it is itself a general law or a law of a general nature, and yet it is not to have a uniform operation throughout the state.

It can make but very little difference what might be the views of the individual members of this court, as the court is now constituted, if the questions now presented by counsel were original questions presented to them for the first time now; for we think they have all been heretofore settled by numerous prior decisions of this court. (*The State, ex rel. v. Hitchcock*, 1 Kas. 178; *Beach v. Leahy*, 11 id. 23; and many other cases which will be hereafter cited.)

The first question presented by counsel for the plaintiff with regard to the new legislative enactment (said chapter 134), amending, changing or modifying the old one (said § 220), without embodying in the new act all the provisions of the old one that are to remain the law, and without repealing the old one, is in effect settled against the views of the present plaintiff by the decision of this court rendered in

the case of *The State, ex rel., v. Cross,* 38 Kas. 670, 696, 699. See also the cases there cited.

The second contention of counsel for the plaintiff, that the new act is in contravention of § 1, article 11, of the constitution, which provides that "the legislature shall provide for a uniform and equal rate of assessment and taxation," is wholly untenable. That provision of the constitution, as we have many times decided, requires merely that there shall be "a uniform and equal rate of assessment and taxation" only in each separate taxing district of the state. (*Hines v. City of Leavenworth,* 3 Kas. 186, 201.) In the case of *Comm'rs of Ottawa Co. v. Nelson,* 19 Kas. 234, *et seq.,* will be found an elaborate discussion with regard to the question when an assessment or a tax is at a uniform and equal rate. Now, the county of Wyandotte, for all taxes levied for county purposes, is a separate and distinct taxing district, and a rate of taxation of 10 mills on the dollar of the valuation of all the taxable property in that county is certainly a uniform and equal rate of taxation for that county, or, in other words, for that taxing district.

The third contention of the plaintiff, that the new act is in contravention of § 17, article 2, of the constitution, we think is also untenable. Some good reasons may be urged in favor of the plaintiff's contention, and two decisions of this court seemingly to some extent favor it. (*Darling v. Rodgers,* 7 Kas. 592; *Robinson v. Perry,* 17 id. 248.) But some good reasons and many decisions of this court are against his contention. (*Comm'rs of Norton Co. v. Shoemaker,* 27 Kas. 77; *Harvey v. Comm'rs of Rush Co.,* 32 id. 159; *Weyand v. Stover,* 35 id. 545, 551; *City of Wichita v. Burleigh,* 36 id. 34; *The State v. Sanders,* 42 id. 228; *Hughes v. Milligan,* 42 id. 396; *Comm'rs of Linn Co. v. Snyder,* 45 id. 636; *Comm'rs of Barber Co. v. Smith,* 48 Kas. 332.) It will be seen from an inspection of the decisions of this court, commencing with the case of *The State, ex rel., v. Hitchcock,* 1 Kas. 178, that this court has uniformly held that the legislature has the power in its discretion to pass special laws, although adequate

general laws upon the same subject might be enacted, and although in fact such general laws have already been enacted and are at the time in full force and effect, and although such special acts might have the effect to limit the operation of existing general laws or existing laws of a general nature then having a uniform operation throughout the state. We think the statute now in question is a special law, and is not either a general law or a law of a general nature, for it relates to taxes in the counties of Wyandotte and Cowley alone. It is probably well known that the taxes of two different counties are seldom, if ever, levied upon the taxable property of such counties at the same rate. The rate is generally different in all the different counties of the state, being levied rightfully and legally under said § 220, for any amount, from any small amount up to the amount of 5, 5¾, 6½, 7½, 8½, and in some counties 10 mills on the dollar, and hence the particular rate for any particular county is special as to that county. It is never necessary that the rate should be the same in any two counties, and generally it is not. In all counties of the state, however, in which the valuation of the taxable property in the county does not exceed $5,000,000, the county board may rightfully and legally, under said § 220, levy a tax for current county purposes at the rate of 10 mills on the dollar, the same as the tax in the present case. It is not necessary to repeat the reasons given for the various decisions heretofore rendered by this court. We shall simply follow them, and, following them, we must hold that the statute in question is not void because in contravention of § 17, article 2, of the constitution; nor is it void at all.

*Tax for county purposes — valid statute.*

With the views herein expressed, it follows that the decision of the court below was correct, and its judgment will therefore be affirmed.

All the Justices concurring.