J. W. HIGGINS v. THE BOARD OF COUNTY COMMIS-
        SIONERS OF MITCHELL COUNTY.

No. 264.

1. LAWS 1895, CH. 140—*held constitutional.* Chapter 140, Laws of
   1895, entitled, "An act regulating the fees and salaries of the
   county treasurer, county clerk, county attorney, county super-
   intendent, clerk of the district court, sheriff, probate judge, regis-
   ter of deeds, county surveyor and coroner of Mitchell County and
   prescribing penalties for the violation thereof," is constitutional.

2. ———— *under, county treasurer of Mitchell County entitled
   to salary of eighteen hundred dollars.* Under the provision of
   section 1 of chapter 140, Laws of 1895, the county treasurer of
   Mitchell County is entitled to receive an annual salary of eighteen
   hundred dollars and no more, as full compensation for his services.

Error from Mitchell District Court. Hon. Cyrus
Heren, Judge. Opinion filed November 15, 1897.
*Affirmed.*

*F. J. Knight,* for plaintiff in error.

*J. E. Tice,* County Attorney, for defendant in error.

McELROY, J. This was an action brought by J. W.
Higgins against the Board of County Commissioners
of Mitchell County. The case came up on appeal
from the action of the Board of County Commission-
ers, and was tried on an agreed statement of facts.
The plaintiff claimed for his services as treasurer, for
the quarter next preceding the first day of July, 1895,
the sum of five hundred dollars, less $4.95 which he
had received in fees. The Board of County Commis-
sioners allowed his claim in the sum of $445.05.
Upon the trial, the court found for the plaintiff in the
sum of $10.55 in addition to the amount allowed by
the Board of County Commissioners, for which amount
judgment was rendered. The plaintiff filed a motion

HIGGINS v. MITCHELL COUNTY.          315

Nov. 15, 1897.        Opinion.   McElroy, J.              C. Div.

for a new trial, which was overruled, and he now presents the case to this court for review.

It is agreed by the parties to this action that, if the general Fee and Salary Act was in force, the salary of the county treasurer of Mitchell County was two thousand dollars per annum, or five hundred dollars per quarter. It is further conceded by the parties that the amount allowed the plaintiff by the Board of County Commissioners and the trial court is the amount due him under section 1, chapter 140, Laws of 1895, if such Act is constitutional.

The only question presented in this case is as to the constitutionality of chapter 140, Laws of 1895, entitled, "An act regulating the fees and salaries of the county treasurer, county clerk, county attorney, county superintendent, clerk of the district court, sheriff, probate judge, register of deeds, county surveyor and coroner of Mitchell County and prescribing penalties for the violation thereof." The only objections urged against the Act which we deem it necessary to comment upon are two: *First*, that it is in violation of that portion of section 16 of article 2 of the State Constitution which reads: "No law shall be revived or amended, unless the new act contain the entire act revived, or the section or sections amended, and the section or sections so amended shall be repealed;" *second*, that it is in violation of that portion of section 16 of article 2 of the State Constitution which reads: "No bill shall contain more than one subject, which shall be clearly expressed in its title."

Neither of these positions is tenable. "No law shall be revived or amended, unless the new act contain the entire act revived, or the section or sections amended, and the section or sections so amended shall

316     HIGGINS v. MITCHELL COUNTY.

N. Dept.     Opinion.   McElroy, J.     6 Kan. App.

be repealed," was not intended to abolish the doctrine of repeals by implication, nor to reverse the established maxim that where statutes are inconsistent with each other the later repeals the earlier. *Comm'rs of Norton County v. Shoemaker*, 27 Kan. 77; *The State v. Guiney*, 55 id. 532. At a very early date in the judicial history of this State, it was held that a special law which was in conflict with a general law was not for that reason necessarily void. *Beach v. Leahy, Treas.*, 11 Kan. 23.

It is contended that the Act is unconstitutional because the Legislature saw fit to use the word "regulate," in the title of the Act, instead of the word "fix." From an examination of the various acts of our Legislature, we find that it has frequently used the word "fix" and frequently used the word "reglate," in this class of legislation. Our Supreme Court has held several acts to be constitutional wherein the word "regulate" occurs in the title of the act, instead of the word "fix." The title to chapter 81, Laws of 1893, reads : "An act regulating the fees," etc. The Supreme Court, in the case of *The State v. Newbold* (56 Kan. 71), held the Act to be constitutional and valid. The title to chapter 113, Laws of 1877, reads : "An act to regulate the salaries," etc. The Act was held to be constitutional by the Supreme Court in the case of *Comm'rs of Norton Co. v. Shoemaker*, supra. "Regulate" means to adjust by rule, method, or established mode ; to direct by rule or restriction ; to subject to governing principles or laws. This is what is sought to be accomplished in the Act in question — to adjust and maintain the fees and salaries of the certain officers at a designated rate, which was a lower rate than that maintained by the general Fee and Salary Act.

There is some discussion as to when the Act took effect. It took effect, so far as the treasurer is concerned, from and after its publication. The Act in question is constitutional and valid.

The judgment of the trial court is affirmed.