ELDON LOWE v. THE BOARD OF COUNTY COMMIS-
SIONERS OF BOURBON COUNTY.

No. 421.

1. LAWS 1895, CH. 126—*held to be constitutional.*    Chapter 126, Laws of 1895, is not in conflict with sections 16 and 17 of article 2 of the Constitution of the State of Kansas.    It contains but one subject which is clearly expressed in its title.·    It contains the new law as amended, and all other acts relating to the subject are repealed by said section 16 without legislative declaration to that effect.

604     LOWE v. BOURBON COUNTY.

S. Dept.        Opinion.   Dennison, P. J.       6 Kan. App.

Error from Bourbon District Court. Hon. Walter L. Simons, Judge. Opinion filed December 22, 1897. *Affirmed*.

*W. R. Biddle, H. A. Pritchard* and *C. E. Cory*, for plaintiff in error.

*Dillard & Padgett*, for defendant in error.

DENNISON, P. J. This action was commenced in the District Court of Bourbon County, Kansas, by Eldon Lowe, as plaintiff, against the Board of County Commissioners of Bourbon County, Kansas, as defendants, to recover a balance of salary alleged to be due him as county treasurer. A demurrer was sustained to the petition of the plaintiff and he brings the case to this court for review. The only question in this case is the validity of chapter 126, Laws of 1895.

Counsel for plaintiff in error contend that the Act is in conflict with the provisions of sections 16 and 17 of article 2 of the Constitution of the State of Kansas. Said sections read as follows:

"SEC. 16. No bill shall contain more than one subject, which shall be clearly expressed in its title, and no law shall be revived or amended, unless the new act contain the entire act revived, or the section or sections amended, and the section or sections so amended shall be repealed.

"SEC. 17. All laws of a general nature shall be of uniform operation throughout the state; and in all cases where a general law can be made applicable, no special law shall be enacted."

It is contended by the plaintiff in error that chapter 126, Laws of 1895, is unconstitutional because, *first*, it contains more than one subject; *second*, it seeks to

amend prior laws without containing the section or sections amended, and without repealing the section or sections so amended ; *third,* because a general law could have been made applicable. The title to the Act reads as follows :

"An act fixing the fees and salaries of county treasurer, county clerk, county attorney, probate judge, sheriff, register of deeds and clerk of the district court of Bourbon County, Kansas ; prescribing a penalty for violations of the provisions thereof ; and repealing all acts and parts of acts in conflict therewith."

Nothing is contained in the Act except what is expressed in this title. There is but one subject contained in this title, and that subject is fees and salaries. This subject is restricted to the fees and salaries of certain officers in a certain county. It fixes salaries, provides for the collection and distribution of fees, and provides a penalty for its violation. It repeals all acts and parts of acts in conflict therewith, and fixes the time when it shall take effect.

Chapter 126, Laws of 1895, if otherwise valid, repeals by implication the general law so far as Bourbon County is concerned. *Comm'rs of Norton Co. v. Shoemaker,* 27 Kan. 77, and authorities therein cited.

If it is contended that it attempts to amend chapter 82, Laws of 1893, relating to fees and salaries of certain officers in Bourbon County, Kansas, the answer must be that chapter 126, Laws of 1895, contains the entire law as amended. This being the case, the Act of 1895 repeals that of 1893, even though it be valid, and without any legislative declaration to that effect. *Comm'rs of Jefferson Co. v. Hudson,* 20 Kan. 71; *Case v. Bartholow,* 21 Kan. 300.

"But where the legislature has under consideration not merely minor particulars, but the whole subject-

matter of the law, it may wholly annul all former legislation on the subject, and pass an act covering the entire field without specifically naming, or attempting to amend, particular provisions in former statutes. The new act then becomes a substitute for all former legislation on the subject, and may repeal either in express terms, or by necessary implication, all former sections of the law inconsistent with the new enactment." *Aikman v. Edwards*, 55 Kan. 764.

There is no force in the contention that this Act is in conflict with section 17 of article 2 of the Constitution of Kansas. Our Supreme Court has repeatedly decided this question. See *Comm'rs of Norton Co. v. Shoemaker*, supra. In fact, all the questions presented in this case have been decided by the Supreme Court contrary to the contention of the plaintiff in error.

The judgment of the District Court is affirmed.