C. E. GUSTAFSON, *Appellee,* V. THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF MCPHERSON,
*Appellant.*

No. 17,868.

SYLLABUS BY THE COURT.

1. CONSTITUTIONAL LAW—*Statutes Must Have a Uniform Opera-
tion.* Where the subject of an act of the legislature is one of
common interest to all the members of a group of counties
and no difference in situation or circumstance exists justify-
ing difference in treatment and preventing the framing of an
applicable general law of uniform operation upon all the
members of the group alike, the exclusion of one of the coun-
ties from the benefit of the act renders it void.

2. ——— *Special Legislation—Undersheriffs.* Chapter 210 of
the Laws of 1907, authorizing the boards of county com-
missioners in counties having a specified population, except
McPherson county, to allow a certain sum for the hire of an
undersheriff is unconstitutional and void.

3. ——— *Exception Not Capable of Severance.* The exception
of McPherson county is not a separate and independent pro-
vision which may be disregarded and leave the remainder of
the act effective, since to eliminate the exception would change
the scope of the law and make it applicable in territory where
the legislature expressly declared it should not operate.

Appeal from McPherson district court. Opinion
filed December 7, 1912. Reversed.

*J. N. Grattan,* county attorney, and *G. F. Grattan,* of
McPherson, for the appellant.

*Frank O. Johnson,* and *P. J. Galle,* both of McPher-
son, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff sued for compensation for
his services as undersheriff of McPherson county, and
recovered. The board of county commissioners appeals.

The plaintiff based his right to recover on chapter

210 of the Laws of 1907. The title and section 1 read as follows:

"An act to provide for the payment of an undersheriff in counties having more than eighteen thousand population and less than twenty-five thousand population.

*"Be it enacted by the Legislature of the State of Kansas:*

"SECTION 1. The board of county commissioners in each county within the state having a population of eighteen thousand and not more than twenty-five thousand inhabitants, except McPherson county, shall allow to the sheriff of the county the sum of six hundred dollars per annum for the hire of an undersheriff, in counties not operating under a special act."

The answer pleaded the invalidity of the act, alleging that, although general in scope, it does not have uniform operation throughout the state, and that it is a special act governing a subject to which a general law could have been made applicable. (Const. Art. 2, § 17.) A demurrer was sustained to this answer on the theory that the act contained plural subjects, one of which, the exception of McPherson county, was not embraced in the title, and that the provision relating to this subject could be eliminated without affecting the remainder of the legislation.

The interpretation proposed is impossible, because the exclusion of McPherson county from the operation of the act is not a separate, disconnected and independent matter which can be severed without affecting the remainder of the act. (*C. B. U. P. Rld. Co. v. A. T. & S. F. Rld. Co.,* 28 Kan. 453.) The declared purpose of the legislature is that undersheriffs of McPherson county shall not receive the benefit of the law. This purpose informs the entire act, and the portion concerning McPherson county can not be eliminated without changing the whole scheme of the statute, even to the extent of making it applicable in territory where the legislature expressly said it should not operate.

Interpreted by its title, the law is one of a general

nature covering all counties of a specified class. It does not, however, have uniform operation upon all the counties of the class throughout the state. McPherson county is excluded, and the exclusion of McPherson county renders the act invalid. (*Darling v. Rodgers,* 7 Kan. 592; *Robinson v. Perry,* 17 Kan. 248.)

If the body of the act alone be considered it is special legislation applying to some counties and arbitrarily excluding another of the same class. The plaintiff was permitted to plead and prove that there is nothing in the situation or circumstances of McPherson county or in the conditions prevailing there to justify giving it treatment different from that accorded to other counties of the same grade. This question was one to be determined by judicial notice of facts and conditions lying within the common public knowledge and not upon evidence introduced under an issue framed (*Anderson v. Cloud County,* 77 Kan. 721, 734, 95 Pac. 583), but nothing in the plaintiff's proof needs correction by information noticed judicially. The subject was one of common interest to all the members of a group of counties. No difference in circumstance or other valid reason existed for difference in regulation. No obstacle existed to the framing of an applicable general law of uniform operation upon all the members of the group alike. Instead of enacting such a law the legislature undertook to dispense special privileges to some of them. In so doing it stepped outside its constitutional province as a law-making body and the product of its action lacks the force and quality of a statute. (*Anderson v. Cloud County,* supra; *Deng v. Scott County,* 77 Kan. 863, 95 Pac. 592; *The State v. Nation,* 78 Kan. 394, 96 Pac. 659; *Board of Education v. Davis,* 87 Kan. 286, 123 Pac. 885.)

It will be observed that the act in question was passed subsequent to the adoption in 1906 of the constitutional amendment making it a judicial question whether or

22—88 KAN.

not in any case a general law might have been made applicable to the subject of a special act. (Const. Art. 2, § 17.)

The judgment of the district court is reversed and the cause is remanded with direction to render judgment for the defendant on the pleadings.