No. 26,371.

HARRY V. HOWARD, *Plaintiff,* v. G. R. McINTOSH, as Mayor, etc., et al., *Defendants.*

SYLLABUS BY THE COURT.

STATUTES—*Creation of City Court—Special Law—Constitutionality.* A special act purporting to create the city court of Arkansas City, being Senate bill 504, enacted by the legislature of 1925, considered, and *held,* (*a*) that a general law can be made applicable, giving to cities with like conditions, where the necessity may exist, reasonable facilities for the transaction of local judicial business of the nature attempted to be vested in the city court of Arkansas City by the act in question. (*b*) That the power of the legislature to establish courts inferior to the supreme court, under articles 2 and 3 of the constitution, cannot be exercised by special law in cases where a general law can be made applicable. (*c*) That the act in question violates section 17 of article 2 of the constitution, and is, therefore, null and void—following *The State v. Nation,* 78 Kan. 394, 96 Pac. 659.

Original proceeding in mandamus. Opinion filed May 9, 1925. Writ denied.

*Albert Faulconer, Kirk W. Dale,* and *C. L. Swarts,* all of Arkansas City, for the plaintiff.

*L. C. Brown,* of Arkansas City, for the defendants.

The opinion of the court was delivered by

HOPKINS, J.: This is an original action in mandamus to compel the city commissioners of Arkansas City to provide facilities for the operation of a city court in accordance with the provisions of senate bill No. 504, passed by the legislature of 1925.

The act purports to establish a court in the city of Arkansas City with civil and criminal jurisdiction, civil jurisdiction limited to actions for the recovery of money and specific personal property to the amount of $1,000. It provides for the election of a judge at a salary of $2,000 per annum, and an allowance of $50 per month, or so much thereof as, in the discretion of the judge, is necessary for and on account of clerk hire. It prescribes the procedure and details for the organization and maintenance of the court, and requires the city to furnish a court room and pay the necessary incidental expenses for its conduct.

The defendants contend that the act is in conflict with section 17, article 2 of the constitution, which reads:

"All laws of a general nature shall have a uniform operation throughout the state; and in all cases where a general law can be made applicable, no special law shall be enacted; and whether or not a law enacted is repugnant to this provision of the constitution shall be construed and determined by the courts of the state."

An agreed statement of facts recites:

That Arkansas City is a city of the second class with a population of approximately 14,000 inhabitants; that it is in the nineteenth judicial district, the population of the district being approximately 65,000 inhabitants; that Winfield, the county seat, is fourteen miles distant; that three terms of court are held each year in Cowley county; that approximately one-half the population of the county lives in and adjacent to Arkansas City; that the district court had on its trial docket at the beginning of the November, 1924, term, of court, 415 civil cases, of which 232 came from Arkansas City and immediate vicinity; that Arkansas City is in the southwest corner of the county five miles from the Sumner county line and three and one-half miles from the Oklahoma state line; that a large amount of litigation that arises in Arkansas City would be within the jurisdiction of the court created by the act in question; that the state of the docket of the district court for November, 1924, is typical of the usual and ordinary business of that court.

A similar controversy was determined in *The State v. Nation,* 78 Kan. 394, 96 Pac. 659, which involved an act, the purpose of which was to establish a court of record in the city of Chanute. Similar arguments were made in support of that act as are made in the instant case to uphold the theory that a general law could not be made applicable. The court thought otherwise and determined that the act was void because repugnant to the provisions of the constitution.

The plaintiff, while admitting that some of the facts upon which the instant case is submitted are identical with the facts discussed in the Chanute case, contends that there are other facts which differentiate it from that case. It is argued that because of certain peculiar conditions existing in Arkansas City a general law could not reasonably be made to apply. It was likewise insisted in the Chanute case that owing to the peculiar conditions existing in that city a general law could not be made applicable, but this court said in

the opinion, "It is difficult to perceive why the reasons based upon the peculiarity of local conditions, if sufficient to uphold special legislation creating city courts, would not sustain special legislation upon other important affairs of local administration and government, among which are the establishment and maintenance of schools; but this court has decided that a special act establishing a high school for a particular county is invalid, as the end sought may be reached by a general law." (p. 398.)

Similar matters were carefully and well considered in *Anderson v. Cloud County*, 77 Kan. 721, 95 Pac. 583, and *The State, ex rel., v. Deming*, 98 Kan. 420, 158 Pac. 34. (See, also, *Gustafson v. McPherson County*, 88 Kan. 335, 128 Pac. 186; *Patrick v. Haskell County*, 105 Kan. 153, 181 Pac. 611.)

We find nothing in the instant case to warrant a different conclusion from that reached in the cited cases.

The writ is denied.

DAWSON, J. (dissenting): I dissent. The constitution does not entirely condemn special legislation. It contemplates its occasional necessity, and when a special law is enacted and its validity is drawn in question, the constitution contemplates that the judicial question whether a general law could be made applicable shall be considerately dealt with, and each special law shall be tested on its own merits and the special conditions the legislature had to consider in its enactment; and it seems to me to be evading the issue to hold this act unconstitutional merely because the act creating a city court in Chanute was so held. The judicial question which the court has to solve in determining the validity of a special act has to take into account all the circumstances and matters of fact which might warrant the enactment of the special legislation and render the enactment of pertinent general legislation impracticable, and that question is not determinable by a mere mechanical reference to another decision which presumably was controlled by its own particular facts.

It seems rather obvious to me that a general law to cover such a situation as that presented at Arkansas City would have to be a somewhat fantastic piece of legislative workmanship. Such a general law would have to start by excluding from its provisions all cities which already possess city courts created by special acts.

38—118 KAN.

That would, or should, exclude the cities of Atchison, Coffeyville, Kansas City, Leavenworth, Topeka and Wichita (R. S. 20-1501), and in the interest of economy and repose should exclude all cities in counties which have adopted the act of 1923 authorizing the creation of county courts. (R. S. 20-801.) I think the fact that nearly all cities comparable in size and commercial importance with Arkansas City are already supplied with city courts goes far to demonstrate the impracticability of making a general act creating city courts applicable to the needs of Arkansas City. Of course it could be done in one way—by repealing all the special acts which already supply the other Kansas towns with city courts, and then make a general statute applicable to all of those already supplied and all others like Arkansas City which now or in the years to come may require such courts. It does not seem to me that the constitution contemplates any such drastic treatment in supplying the need for courts in the young and rapidly growing cities of this commonwealth. Considering the geographical situation of Arkansas City, remotely located from the county seat, located on the state's southern border and having important trade connections with a wide extent of territory in Oklahoma nearby, and considering the great scope of the business, railroad and industrial activities of Arkansas City and their inevitable increase, it seems quite obvious to me that a special act creating a city court to serve the needs of Arkansas City was not only proper but that a general law, while not actually impossible to be devised, would be inapplicable without drastically dislocating the city courts already embedded in our judicial system. Without committing myself to the approval of all the details of the statute, senate bill 504, which are neither argued by counsel nor considered in the majority opinion, I hold that the fact that the statute is special is not enough to strike it down, and that the showing made in its behalf, together with the matters which are accessible to our judicial notice, is sufficient to sustain it under the constitutional provision for its judicial construction and determination.