THE BOARD OF COMM'RS OF NEOSHO CO. V. THOMAS LEAHY, *et al.*

1. COUNTY TREASURER; *Power of Commissioners to Increase Amount of Bond.* L. was elected treasurer of Neosho county for the term commencing the first Tuesday of July, 1870; after his election, and before he entered upon the discharge of the duties of his office, he executed to the state of Kansas a bond, with sufficient sureties, in the penal sum fixed by the board of county commissioners of the county of Neosho, conditioned according to law, which bond was duly accepted and approved; afterward, L. filed his oath of office, and entered upon the discharge of his official duties. Owing to a large increase of the taxable

property of the county, and a corresponding increase in the taxes to be collected, the county board, on January 8, 1872, made an order that L. increase his official bond as treasurer, to the sum of $150,000. On January 20, 1872, in accordance with the direction of the county board, L. and certain securities executed a new or additional bond. *Held,* That the county commissioners had the power to require such new bond; and further, *held,* that the bond is valid.

2. FEES *of County Treasurer.* Under § 7, ch. 39, Gen. Stat. 1868, any excess over two thousand dollars which accrued from the fees of a treasurer, as allowed by law, was to be paid into the county treasury, and placed to the credit of the county, where the population of the county was less than 15,000. Such excess, when retained by the treasurer, is recoverable in an action brought upon the treasurer's bond in the name of the board of county commissioners of the defrauded county.

## *Error from Neosho District Court.*

THOMAS LEAHY was elected treasurer of Neosho county for the term of two years, commencing on the first Tuesday of July, 1870. The other defendants were sureties on his second, or additional bond. Before entering upon the duties of his office, *Leahy* executed a bond as treasurer. At the general election in 1871, a new board of commissioners was elected in the county, and under the direction of this board *Leahy* executed the bond sued on. On May 31, 1875, the *Board of County Commissioners* of Neosho county commenced this action upon the second bond, of date of Jan. 20, 1872, to recover $1,073, an alleged balance of fees for the year ending July 2, 1872. No service of summons was had upon the treasurer, and the case proceeded against the sureties. Trial at the November Term, for 1877, by the court, and judgment rendered at the April Term, 1878, in favor of the defendants.

The following are the special findings of the court:

"1. That at the regular election for county officers held in Neosho county in November, 1869, the defendant, Thomas Leahy, was duly elected treasurer of said Neosho county for the term commencing on the first Tuesday of July, 1870, and ending two years thereafter.

"2. That said defendant Leahy, after his said election, and before he entered upon the discharge of his duties as said

treasurer, and at the proper time, duly executed to the state of Kansas a bond, with sufficient sureties, in a penal sum such as the board of county commissioners of the county of Neosho had directed, conditioned according to law, for the faithful performance of all and singular his duties as said county treasurer, which bond the said board of commissioners, in due session assembled, when all were present, duly approved; and thereupon the said bond was within the proper time, with the approbation of said board indorsed thereon by the clerk of the said county of Neosho, filed in the office of the said county clerk.

"3. That said defendant Leahy, within the proper time, duly took and subscribed his oath of office, which oath was in the proper time and manner filed in the office of said county clerk; and thereupon said defendant Leahy, on the first Tuesday of July, 1870, entered upon the duties of the office of county treasurer of said Neosho county, and continued in the exercise and discharge of said duties until the expiration of his said term of office, which was the first Tuesday of July, 1872.

"4. That at a regular session of the board of county commissioners of said Neosho county, held January 8, 1872, the said board made an order that said defendant Leahy increase his bond as said treasurer, to the sum of one hundred and fifty thousand dollars, and that the bond sued on in this case was given in obedience to said order. There was no consideration for the giving of said bond further than said order of the board would constitute a consideration.

"5. That during the year ending July 2d, 1872, the said defendant Leahy, as said county treasurer, demanded and received commissions and fees, by virtue of his said office, to the amount of three thousand and seventy-three dollars, some of which were received prior to the execution of the bond sued on, and some after.

"6. That the said sum of $3,073 was $1,073 in excess of the amount which the said defendant Leahy was allowed and entitled to as a compensation for his services as such treasurer for the year ending July 2d, 1872, which sum of $1,073 said defendant neglected and refused to pay over to said plaintiff on the expiration of his (said Leahy's) term of office.

"7. That the population of said Neosho county during said Leahy's term of office was less than fifteen thousand.

"8. That after the bond first executed by defendant Leahy,

and before the said board of county commissioners of said county demanded of said Leahy that his said bond be increased to the sum of one hundred and fifty thousand dollars, the taxable property had increased to a considerable extent, and the moneys likely to come into defendant Leahy's hands, as such treasurer, were considerably increased in amount.

" 9. That the said defendant Leahy failed to give the county credit for the money retained by him as commissions in excess of the amount to which he was entitled as aforesaid, and refused and neglected, after being demanded so to. do by the board of commissioners, to settle with them for the moneys so received in excess of the amount due to him as such commissions."

And from the above and foregoing conclusions of fact, the court found the following conclusions of law:

" 1. That the board of county commissioners of the county of Neosho had no right or authority to make the order of January 8, 1872, requiring defendant Leahy to increase his bond to one hundred and fifty thousand dollars.

" 2. That the bond sued on in this case was executed without authority of law, is devoid of any consideration, and is null and void."

To the conclusions of law, the plaintiff excepted, and brings the case here.

*Carpenter & Jones*, for plaintiff in error:

Sections 3, 16, 61 and 179 of chapter 25 of the General Statutes give the board of county commissioners power to require a new bond, which new or increased bond was clearly a renewal of the treasurer's official bond mentioned in the sixth subdivision of said § 179; while the fifth subdivision of said § 16 plainly gives the board the general management of all the business and concerns of the county — in looking after its finances, as well as its other interests, where no special provision is made by law.

When the order was made for the new bond, the treasurer was required to comply therewith. If he had failed to give the new bond, the office would have become vacant, and

therefore the order was a sufficient consideration for giving it; that is, in substance, the privilege of retaining the office, or rather the preventing of a vacancy in the office, in substance, a forfeiture, was a sufficient consideration for giving the bond. Finding No. 4 does not show any want of consideration; the bond was not made without authority of law, as indicated by the conclusions of law, and the court erred in making them.

*L. Stillwell*, for defendants in error:

Counsel for plaintiff refer to a portion of § 179, ch. 25 of the General Statutes, as tending to confer upon the board of commissioners the power to require a new bond, and they seemingly claim that the word "renew," in the above clause, in connection with some other sections to which they refer, indicates that the county board can exact new bonds from the other county officers whenever it thinks proper to do so. I submit that the word "renew," as used in said clause, refers to the *new bond* which an officer is required to give upon being *reëlected*. The concluding phrase, "within the time prescribed by law," clearly shows that such is the true construction. That phrase, while used but once, is at the close of the clause, and is understood twice. Literally, the clause would read: "His refusal or neglect to take his oath of office within the time prescribed by law, or to give or renew his official bond within the time prescribed by law, or to deposit such oath and bond within the time prescribed by law." To give it the construction contended for by plaintiff's counsel, it would be necessary to interpolate, after the words "within the time prescribed by law," these words: "or whenever required by the board of county commissioners."

If the board, then, had no authority to exact this bond, it was given without consideration, and if given without consideration, no action can be maintained thereon. (11 Kas. 459; 30 Miss. 624, 626; 20 Ind. 47; 4 Blackf. 15; 6 id. 90.)

The opinion of the court was delivered by

HORTON, C. J.: The vital question in this case is, whether the bond sued on is valid. The trial court held that it was executed without authority of law, and likewise without consideration, and therefore was void. As it appears from the findings of fact that after the execution of the first bond by the county treasurer, the taxable property of Neosho county had largely increased, and the amount of taxes had correspondingly increased, the necessity for the new or additional bond must be admitted. It cannot, therefore, be urged that the order for the bond was capriciously or arbitrarily made; if the power to require the bond inhered in the board of county commissioners by the provisions of the statute, the power was legitimately and justly exercised. It is expressly provided in §179, Comp. Laws 1879, p. 311, that the refusal or neglect of a county officer to renew his official bond within the time prescribed by law, shall vacate his office. This cannot be interpreted as referring to the new bond an officer is required to give upon being reëlected, because such an interpretation eliminates "or renew" from the section — it leaves the words without force or meaning. The execution of a bond by an officer upon being reëlected is not the renewal of his bond; it is merely giving his official bond before entering upon an additional term of office. As the statute refers to a renewal bond, it follows that the lodgment of the power to demand a renewal bond ought to exist somewhere. The statute leaves with the county commissioners the duty of fixing the penal sum of a county treasurer's bond, and the approval of the sureties thereto. Then, §3 of ch. 25 prescribes that the powers of a county, as a body politic and corporate, shall be exercised by the commissioners, and under §16 of said chapter these officials represent the county and have the care of the county property and the management of the business and concerns of the county in all cases where no other provision is made by law. Now it would seem that as representing the county, a county board, by virtue of these

powers, would have the authority, when the public interests absolutely required the execution of a new bond by a county treasurer, owing to the insolvency of the securities after the acceptance of the official bond, or the levy of increased taxes for various purposes not anticipated when the original penal sum of the bond was fixed, to demand of the treasurer an additional bond. Clearly, such authority ought to exist. It often happens that a bond, amply sufficient when accepted, becomes, in a few months, insufficient from the financial failures of the sureties, and if there is no authority to compel the execution of an additional, or an increased bond on the part of a treasurer, the statute fails to fully protect the funds that come into his hands by virtue of his office. We think the omission does not exist. We think that the commissioners, acting for the county, and, by virtue of the provisions of the statute relating to their duties and the duties of the treasurer, representing the state and the municipalities interested in the different funds to be collected by the treasurer, had the authority to make the order of January 8, 1872, requiring the treasurer's bond to be increased to the sum of $150,000, and that the bond executed in accordance with the order is valid. Whenever, for good cause, a renewal bond is required of a treasurer by the board of county commissioners, the reasonable time allowed to the officer to execute the same will be deemed the time prescribed by law.

This conclusion does not place a county officer within the control of the whim, caprice, or political feeling of any county board, as an additional bond cannot be demanded except for some reasonable cause, and the law will protect a county official from an arbitrary or unjust demand, or an arbitrary or unjust removal.

The suggestion that the counsel who appear in this court for the plaintiff in error have no right or authority to appear for the board of county commissioners, is without merit. This is a civil proceeding. Where an attorney at law makes an appearance in a court in such a case, it will be presumed, in the absence of anything to the contrary, that he has au-

thority for such appearance. (*Esley v. People of Illinois*, 23 Kas. 510.)

Under §7, ch. 39, Gen. Stat. 1868, any excess over two thousand dollars which accrued from the fees of a treasurer, as allowed by law, was to be paid into the county treasury, and placed to the credit of the county, where the population of the county was less than 15,000. The findings show, that during Leahy's term of office, Neosho county did not have 15,000 inhabitants. As the county was entitled to the excess retained by the treasurer, the action was rightfully brought in the court below in the name of the board of county commissioners of the county of Neosho. There is no constitutional inhibition against the power to turn over the said excess to the county as a county fund, and the provision to that effect cannot be called an unwarrantable stretch of legislative authority.

We have examined the other matters presented by the counsel, but we think it unnecessary to comment further upon the case.

The judgment of the district court will be reversed, and the case remanded with directions to enter judgment upon the findings of fact, in favor of the plaintiff in error for the sum of $1,073, with interest.

VALENTINE, J., concurring.

BREWER, J., dissenting.