THE BOARD OF COMMISSIONERS OF CHEROKEE COUNTY v. W. H. CHEW *et al.*

COUNTY OFFICERS, *Fees of—Valid Statute.* Chapter 159, Laws of 1887, took effect and was in force after its publication in the statute book, and upon the expiration of the terms of all the officers named therein. Said chapter states a time when it shall take effect and be in force, and is therefore not in conflict with the first clause of § 19, article 2 of the constitution.

*Error from Cherokee District Court.*

THE case is stated in the opinion.

*C. D. Ashley,* county attorney, for plaintiff in error.

*R. M. Cheshire,* and *Case & Glasse,* for defendants in error.

Opinion by STRANG, C.: This case was tried in the district court of Cherokee county, on May 16, 1888, by the court without a jury, on the following agreed statement of facts:

"It is agreed that upon the trial of this cause the following facts shall be taken as true:

"1. That W. H. Chew, one of the defendants above named, is the duly elected, qualified and acting register of deeds of said county; that his term as such commenced January 10, 1888, and that said other defendants G. G. Gregg, Z. H. Loudermilk, and James Murphy are the sureties on the official bond of said defendant Chew, as register of deeds as aforesaid, for the term commencing as above stated, and that said defendant executed and delivered the official bond, a copy of which is given as an exhibit to the plaintiff's petition herein.

"2. That said defendant W. H. Chew kept an accurate account of all fees charged by him as such register of deeds for the first quarter of the year 1888, to wit, from January 10, 1888, to March 31, 1888, which amounted in the aggregate to the sum of $1,017.70, and that he has refused to turn over to the treasurer of said county one-half of the excess of said sum above six hundred dollars, and claims that he is entitled to the whole of said fees for his services as such register of deeds for the term above specified, and claims the act of the legislature of the state of Kansas entitled 'An act regulating the fees and salaries of the county treasurers, county clerks, county attorneys, probate judge, county auditors and register of deeds of Cherokee and Labette counties, Kansas, approved March 5, 1887,' the same being chapter 159 of the Laws of 1887, is unconstitutional and void, and of no force or effect.

"3. That the term of the county auditor of Labette county, who was duly appointed and qualified, commenced March 4, 1886, and ended March 4, 1888, and that the term of the present county auditor of Cherokee county, who was duly ap-

pointed and qualified, commenced October 8, 1887, and will expire October 8, 1889."

The court found for the defendants, and rendered judgment against the plaintiff for costs; whereupon the plaintiff filed a motion for a new trial, which was overruled. The plaintiff excepted to such ruling, and brings the case here for review.

The first question in the case, and the one upon which the court below based its finding and judgment in favor of the defendants, is, was the cause in the district court prematurely brought? The determination of this question involves a construction of § 8 of chapter 159 of the Laws of 1887, which reads as follows: "This act shall take effect and be in force from and after its publication in the statute book, and after the present term of the officers hereinbefore named shall have expired." The constitutional provision touching this subject is as follows: Article 2, § 19: "The legislature shall prescribe the time when its acts shall be in force, and shall provide for the speedy publication of the same; and no law of a general nature shall be in force until the same shall be published." The plaintiff in error contends that the act of 1887, chapter 159 of the laws of that year, took effect after its publication in the statute book, and was in force, or became operative as to the offices named therein, upon the expiration of the terms of the respective occupants thereof. If this construction is adopted, the act takes effect in part at one time and in part at other and different times, and may on that account be obnoxious to the constitutional provision above quoted, which requires the legislature to fix a *time* when its enactments shall take effect and be in force. If another construction can be placed upon § 8 of the Laws of 1887, above quoted, which frees it from any objection under the constitutional provision, and such construction is equally consistent with the language of said § 8 and with the intention of the legislature in enacting the law of which § 8 is a part, such construction should be adopted. If we construe the words, "and after the present term of the officers hereinbefore named shall have expired," to mean after the terms of all the officers named shall have

expired, the act not only takes effect but becomes operative in all its parts and upon all the offices therein named at the same time, and is thus freed from the objection that it takes effect piecemeal, and also, as we think, from the objection that the legislature in its passage did not fix a time when the act should take effect and be in force. We conclude, therefore, that the legislature intended to have chapter 159, Laws of 1887, take effect and be in force after its publication in the statute book, and after the expiration of the terms of all the officers therein named. As above intimated, we believe this answers the argument against the constitutionality of the law, based upon the alleged fact that the legislature did not fix a time when the act should be in force and take effect. We do not think the legislature is required by the constitutional provision to name a day of the month when its acts shall take effect. If the legislature requires the act to take effect after its publication, either in the official state paper, in the statute book, or in some other paper or other manner designated therein, and upon an event that is certain and may be ascertained by reference to the other statutes of the state, it is sufficient in that respect.

The objection that the act is special legislation, is answered by referring to the case of *Comm'rs of Norton Co. v. Shoemaker*, 27 Kas. 77.

The second point made by the plaintiff in error has already been passed upon by this court. Chief Justice HORTON, in *Comm'rs of Neosho Co. vs. Leahy*, 24 Kas. 45, used the following language:

" Under § 7, ch. 39, Gen. Stat. of 1868, any excess over two thousand dollars which accrued from the fees of a treasurer, as allowed by law, was to be paid into the county treasury, and placed to the credit of the county, where the population of the county was less than 15,000. The findings show that during Leahy's term of office Neosho county did not have 15,000 inhabitants. As the county was entitled to the excess retained by the treasurer, the action was rightfully brought in the court below in the name of the board of county commissioners of the county of Neosho. There is no constitu-

tional inhibition against the power to turn over the excess to the county as a county fund, and the provision to that effect cannot be called an unwarrantable stretch of legislative authority."

This case settles the question of power in the legislature to require an officer to turn the fees of his office in excess of a certain amount into the treasury. It may also be said that as the county furnishes these officers with offices in which to do their business, and at great expense, with material used in connection with their business, and with fuel and lights to heat and light them, it is entirely fair to the officer that he should be required to turn over to the county in compensation therefor a portion of his fees. The fees of these officers are created by the legislature, and that body may increase or diminish them; and if it sees fit to regulate them in the way pointed out in this statute, we do not think the officers can complain, so long as the act does not seek to curtail the fees of any officer elected before the passage and taking effect of the act. Those elected afterward take the office with full notice and understanding as to what the basis of their compensation is.

It is also said that the statute under consideration is unconstitutional because it requires persons who have instruments recorded to pay therefor a fee greater in amount than a reasonable compensation of the officer, for the purpose of having a portion of such fee turned into the treasury — a method of raising revenue not authorized by the constitution. We think, however, that if the county provides the officers, who are the agents of the public, with offices in which to serve the public, and provides stationery, including books, paper, pens and ink for use therein, and fuel and lights to warm and light them, the legislature may, in order to make such offices self-sustaining, require such persons as are served therein by having their instruments recorded, or other services rendered in the other offices of the county, to contribute thereto; and if so, we know of no better way to secure that end than by the method pointed out in chapter 159, Laws of 1887. We therefore hold that

chapter 159, Laws of 1887, is constitutional; and that it took effect and was in force after its publication in the statute book, and after the terms of all the officers therein named had expired. It follows, therefore, that the case was prematurely brought.

We recommend that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.