THE BOARD OF COMMISSIONERS OF MIAMI COUNTY v. J. P. HINER, *as County Treasurer.*

MIAMI COUNTY — *Fees and Salaries — Invalid Statute.* Chapter 80 of the Laws of 1893, being an act fixing the fees and salaries of certain county officers of Miami county, and which provides that portions of the act shall go into effect and become a law at two different times, violates § 19 of article 2 of the constitution, and is invalid.

*Error from Miami District Court.*

ACTION by *J. P. Hiner,* county treasurer, against the *County Board,* for salary. Judgment for plaintiff. The defendant brings the case here. The opinion states the facts.

*W. H. Browne,* county attorney, for plaintiff in error:

The court below held this special fee and salary bill to be unconstitutional, on the ground that it provided for the taking effect of said bill at different times, to wit: As to the county treasurer, October 10, 1893, and as to the other officers affected by the bill, January 8, 1894, and therefore obnoxious to § 19, article 2, of the constitution of the state of Kansas — citing *Comm'rs of Cherokee Co. v. Chew,* 44 Kas. 162. In *Harvey v. Comm'rs of Rush Co.,* 32 Kas. 159, salaries of county officers are held not to be a contract with the county, and that no county officer has a vested right therein. It is also held in the opinion that a law diminishing the salaries of county officers during their terms is prospective, and not retroactive.

If this special fee and salary bill for Miami county is not obnoxious to § 19, article 2, of the constitution, then said bill is valid and binding upon those affected thereby. See *Comm'rs of Cherokee Co. v. Chew,* 44 Kas. 162. There the court does not say such a bill would be obnoxious to the constitution, but it may be.

*Sperry Baker,* and *Jno. C. Sheridan,* for defendant in error:

Is chapter 80 of the Laws of 1893 in harmony with the

organic law of this state? The district court of Miami county determined that this act conflicts with the provision of § 19 of article 2 of the constitution of the state, which provides that "the legislature shall prescribe the time when its acts shall be in force," while the act in question provides: "SEC. 5. This act shall take effect and be in force from and after its publication in the statute book and after January 8, 1894, except the county treasurer hereinbefore named, which shall take effect as to said county treasurer after October 10, 1893." The provision of the constitution above quoted clearly contemplates that the legislature shall fix some definite time, not times, when an act shall take effect, for the words "the time" manifestly forbid any other construction. And this court, in the case of *Comm'rs of Cherokee Co. v. Chew*, 44 Kas. 162, has very clearly indicated that this is the true construction. See, also, *Supervisors v. Keady*, 34 Ill. 293; *Wheeler v. Chubbuck*, 16 id. 361.

But the law in question now cannot be construed to take effect at one and the same time as to all the officers affected, for by the express terms of § 5 it was to take effect as to the county clerk, county attorney, superintendent and clerk of the district court after January 8, 1894, and as to the county treasurer after October 10, 1893.

The opinion of the court was delivered by

JOHNSTON, J.: At its last session, the legislature attempted to enact a special law fixing the fees and salaries of certain county officers in Miami county, which was approved March 9, 1893. (Laws of 1893, ch. 80.) It purports to regulate the compensation of the county treasurer, county clerk, county attorney, county superintendent, and clerk of the district court, and provides that some of them shall report all the fees that they receive in an official capacity, and these are to be paid into the county treasury and credited to the general county fund. There is a further provision that a failure to account for the fees, or the making of a false or fraudulent statement with reference to them, shall be deemed a misde-

meanor, for which a certain punishment is prescribed. The
last section, fixing the time when the special act shall become
a law, is as follows:

"This act shall take effect and be in force from and after
its publication in the statute book, and after January 8, 1894,
except the county treasurer hereinbefore named, which shall
take effect as to said county treasurer after October 10, 1893."

On the 4th of January, 1894, J. P. Hiner presented his
claim for salary and compensation from October 1, 1893, to
December 31, 1893, under the general law, but the county
commissioners, assuming that the special law was in force as
to the county treasurer from October 10, 1893, only allowed
so much as would be due under its provisions. An appeal
was taken to the district court, where it was admitted that
the claim presented was just and correct, provided the old
law was in force, and that the amount allowed by the com-
missioners was correct, provided the new or special act was in
force. The decision of the district court was that the special
act is unconstitutional and void, for the reason that it did not
prescribe the time when it should be in force as required by
§ 19 of article 2 of the state constitution, and judgment was
accordingly given in favor of the treasurer.

The constitutional limitation referred to provides that "the
legislature shall prescribe the time when its acts shall be in
force." This provision plainly requires that the legislature
shall fix a single definite time when its act as an entirety shall
become a law. According to the practice and legislative
course in this state, the last section of every act fixes a definite
time when the act as a whole shall go into effect. It is some-
times by publication in a newspaper, in the statute book, or
at some fixed time after a publication has been made. It
was not intended that one section or provision of an act should
become a law, while other sections or provisions of the same
act were in an inchoate and embryonic stage. A legislative
act, whether general or special, is passed as an entirety, ap-
proved as an entirety, and the generally accepted interpreta-
tion of the constitutional limitation is that it must become a

law as an entirety.    This was the view taken in *Comm'rs of Cherokee Co. v. Chew*, 44 Kas. 162, where it was held that an act should go into effect at a fixed time, and not by piecemeal. The act under consideration in that case was one regulating the compensation of county officers, which provided that the act should go into effect after publication, and after the terms of the officers affected by it had expired.    It was there decided that the statute did not go into effect as to each officer as his term expired, but at the single time when the terms of all the officers named therein had expired.    In that way it was held to be freed from objection that it took effect piecemeal, and came within the constitutional requirement that it became a law at a single, fixed and definite time.    In a later case, from Lincoln county, in which no opinion was written, this rule and interpretation were followed.    See, also, *Wheeler v. Chubbuck*, 16 Ill. 361; *Supervisors v. Keady*, 34 id. 293.

In the first section of the act, there are provisions with reference to the county treasurer and several other county officers, and if a contrary view is taken it must be held that a part of the section had taken effect while other parts had not.    In that way one line or sentence of a section would be finished legislation, while the remainder would be in an incipient stage, left to develop into completed legislation at some time or times later on. ˙  This would bring great uncertainty and much confusion, and such view is not in keeping with the general practice, nor with the fundamental law. Acts are frequently passed in the body of which provision is made that they shall act upon certain classes and communities at different times, and upon the happening of certain contingencies; but there is a clear distinction between such acts and the one we are considering.    In those cases the act goes into effect and becomes a law as an entirety, and if the act meets every contingency when it arises, and operates alike upon all that come within the scope of its authority, it is regarded as uniform in its operation, and is not to be deemed invalid merely because it does not become applicable to the classes, communities, or things at the same moment of time,

22—54 KAS.

or which may be subsequently governed by it. To be valid, however, such an act must become a law in its entirety, and not in sections or fragments. The act in question provides that one portion of it shall become a law on October 10, 1893, while other portions of the same become a law on January 8, 1894. We are of the opinion that the act is obnoxious to the provision of the constitution that has been mentioned, and that the district court reached a correct conclusion. Its judgment will be affirmed.

<div style="margin-left:2em">Miami county— fees and salaries—invaiid statute.</div>

HORTON, C. J., concurring.

ALLEN, J., dissenting: That the form of the enactment under consideration is awkward, and not to be commended, I fully agree, but that it violates any constitutional provision, I am not convinced. The general rules applicable to the construction of a statute require that all of its provisions be considered each in the light of the others, and that the will of the legislature be given effect, unless it is clear that to do so would violate the fundamental law. The constitutional provision on the subject is: "The legislature shall prescribe the time when its acts shall be in force, and shall provide for the speedy publication of the same, and no law of a general nature shall be in force until the same be published." It will be noticed that the section apparently requires that a time be fixed by the legislature when all its acts shall be in force, as the word "acts" is in the plural, while "time" is in the singular. It has never been contended, however, that all of the acts passed at one session of the legislature must take effect at the same time. The main purpose of the constitutional provision is to prevent laws from taking effect before publication, and to require speedy publication of every enactment. Nothing is more common in legislation than to provide for the performance of acts by public officers or others in the future, and for changing circumstances as they may arise. The regulation of fees and salaries of public officers in such a manner that a change in the rate of compensation

will take place at a fixed date in the future, or on the happening of a contingency like an increase of population, appears to me clearly within the power of the legislature. Had this act provided in its first section that the compensation of the treasurer should change on the 10th of October, 1893, while the compensation of the other officers should not change until January 8, 1894, although it might appear wrong and unwise to make such a discrimation, I am unable to perceive that it is beyond the power of the legislature.

There is also some force in the argument that the compensation of public officers should not be changed during the terms for which they are respectively elected, and that the more just way is to have the change take effect when there is a change of officers. But it is insisted that if this can be done in the body of the act, it cannot in that section which fixes the time when the act shall take effect. Section 5 is as much a part of the act as section 1, and is to be construed in connection with it. The whole, taken together, is an expression of the legislative will, and that will clearly is that the salary of the county treasurer shall be such as is provided by the act after October 10, 1893, and that the salaries of other officers shall be changed in accordance with its provisions after January 8, 1894.

Notwithstanding the awkwardness of the provisions, the legislative intent appears perfectly plain to me. I think the legislature has prescribed the times when its enactments become operative, and those times, being after publication in the statute book, are not prohibited, but are subject to its discretion.