PATRICK FINNEGAN et al. v. DENNIS SALE, as Register of Deeds of Marshall County.

MARSHALL COUNTY—Fees and Salaries—Void Statute. Chapter 91 of the Laws of 1893, entitled "An act regulating the fees and salaries of county treasurer, county clerk, sheriff, county attorney, probate judge, register of deeds, clerk of the district court and county superintendent of public instruction of Marshall county, Kansas," is, under the authority of Comm'rs of Miami Co. v. Hiner, ante, p. 334, unconstitutional and void.

Original Proceeding in Mandamus.

THE opinion herein, filed December 8, 1894, states the material facts.

W. S. Glass, for plaintiff.

W. A. Calderhead, and Mann & Redmond, for defendant.

The opinion of the court was delivered by

ALLEN, J.: This is an original action to compel Dennis Sale, as register of deeds of Marshall county, Kansas, to file

with the county clerk, a statement of fees collected by him for the quarter ending March 31, 1894, in accordance with the requirements of chapter 91 of the Laws of 1893. Section 8 of this act reads as follows:

"This act shall take effect and be in force from and after the close of the present term of the officers herein named, except, that the provisions of this act relating to the reports, to be made by the several officers herein named, to the county clerk, shall take effect and be in force from and after the publication of this act in the official state paper."    •

As this section provides for the taking effect of different parts of the act at different times, it falls within the rule declared in *Comm'rs of Miami Co. v. Hiner*, ante p. 334, and is therefore unconstitutional and void. The provisions of the act under consideration are even more objectionable than those of chapter 80, Laws of 1893, which were under consideration in the case above cited. Section 5 of this act requires not only the filing of the statements, but that all fees collected shall be turned over to the county treasurer and become a part of the county fund, and in order to uphold the enactment, it would be necessary by construction to materially modify the provisions of § 5. The writ will be denied.

All the Justices concurring.