J. D. SHERRICK v. H. H. GILPIN, *as Probate Judge of Lincoln County.*

STATUTES—*Time of Taking Effect.* The cases of *Comm'rs of Cherokee Co. v. Chew,* 44 Kas. 162, *Comm'rs of Norton Co. v. Shoemaker,* 27 id. 77, and *Beach v. Leahy,* 11 id. 23, followed.

### Original Proceeding in Mandamus.

PETITION filed in this court February 7, 1893, wherein the relator, *J. D. Sherrick,* states, among other things, that he is, and has been for more than a year last past, regularly engaged in business as a druggist at Lincoln Centre, in the county of Lincoln and state of Kansas; that he now has, and has had during all the time aforesaid, a permit to sell intoxicating liquors for all lawful purposes; and that, on the 1st day of February, 1893, he tendered to the respondent, *H. H. Gilpin,*

as probate judge of Lincoln county, Kansas, certain affidavits, as provided for by ¶ 2524 of the General Statutes of 1889, to wit, 297 affidavits, which had been used by applicants for the purchase of intoxicating liquors for medical, scientific and mechanical purposes, together with his affidavit that the liquors therein mentioned were all the intoxicating liquors sold by him during the month of January, 1893, except liquors sold to other druggists; and also at the same time offered and tendered his further affidavits setting forth the amounts and kinds of liquors, as near as could be done, which said J. D. Sherrick had on hand on the said 1st day of February, 1893, and also the amounts and kinds of liquors he had purchased or procured during the preceding month, and the names of the persons, companies, and corporations, and their places of doing business, from whom, and the dates on which, said liquors were purchased; and did at such time offer and tender to the probate judge aforesaid the sum of $4.50, lawful money of these United States, being the full amount that he was required to pay under and by virtue of the provisions of the said law, and has fully complied with every other condition and requirement of the said law, commonly known as the "Murray prohibitory liquor law," and demanded that the probate judge aforesaid receive and file the said affidavits so as aforesaid set forth; yet the said probate judge, without any lawful reason therefor, refused to receive or file the said affidavits as aforesaid set forth.

The relator asked for the issuance of an alternative writ of *mandamus*, requiring the said probate judge to receive and file the affidavits aforesaid, or to show cause before this court, etc. On February 27, 1893, the respondent filed his answer to the petition aforesaid, and on March 6, 1893, the relator filed his demurrer thereto. On March 10, 1893, there was filed a certain stipulation, a copy of which (omitting caption and signatures of attorneys) is as follows:

"It is hereby agreed between relator and respondent, that relator substantially complied with the prohibitory law as set up in his application for a writ in said action; but that relator

failed, neglected and refused to pay the fees required in the Lincoln county fees and salaries bill, being chapter 121, Laws of 1891, as provided therein for filing druggists' statements, affidavits, etc.; and that respondent failed, neglected and refused to receive and file such statements, affidavits, etc., upon the ground that relator failed, neglected and refused to pay the fees as required by such special act. It is further admitted that relator tendered $4.50, and $4.50 only, as set up in application for writ herein."

On Tuesday, the 4th day of April, 1893, *David Ritchie*, appearing for the relator, and *J. H. Dugan*, county attorney, and *C. B. Daughters*, for the respondent, before the supreme court of the state of Kansas, in session at the supreme court room, in the city of Topeka, the following proceeding was had, and remains of record at page 67 of journal "V" of said court:

"J. D. SHERRICK, *Plaintiff*,
            v.
   H. H. GILPIN, *Defendant*.

"Now comes on for decision the demurrer of the plaintiff to defendant's answer, and thereupon it is ordered, that the said demurrer be overruled, and that the peremptory writ of *mandamus* be denied, upon the authority of *Comm'rs of Cherokee Co. v. Chew*, 44 Kas. 162, *Comm'rs of Norton Co. v. Shoemaker*, 27 id. 77, *Beach v. Leahy*, 11 id. 23. It is further ordered, that the plaintiff pay the costs of this proceeding, taxed at $—; and hereof let execution issue."