THE STATE OF KANSAS v. WILLIAM J. NEWBOLD.
No. 10119.

STATUTE— *Taking Effect at Different Times.* Chapter 81 of the Laws of 1893, entitled "An act regulating the fees and salaries of the county treasurer, county clerk, county attorney, register of deeds, clerk of the district court, sheriff, probate judge and county surveyor of Sumner county," is constitutional and valid. *Comm'rs of Miami Co. v. Hiner*, 54 Kan. 334, and *Finnegan v. Sale*, 54 id. 420, distinguished.

*Appeal from Sumner District Court.*

INFORMATION filed against William J. Newbold, register of deeds of Sumner county, charging him with having neglected and refused duly to file a statement of the fees collected by him as such officer. The information was quashed and the defendant discharged. The State appeals. The opinion states the facts.

*F. B. Dawes*, attorney general, and *James Lawrence*, for appellant.

*C. E. Elliott*, and *W. W. Schwinn*, for appellee.

The opinion of the court was delivered by

ALLEN, J. : The defendant is the register of deeds of Sumner county. He is charged with having neglected and refused to file with the county clerk a statement of the fees collected by him as register of deeds, as required by the fifth section of chapter 81 of the Laws of 1893. A motion was filed on behalf of the defendant to quash the information, on the ground that the statute referred to is unconstitutional, and that the facts set forth in the information do not constitute a public offense. The motion was sustained, the information quashed, and the state appeals. The tenth and twelfth sections of the act in question read as follows :

"SEC. 10. This act shall not affect the fees or salaries of the present county treasurer, county clerk, county attorney, register of deeds, clerk of the district court, sheriff, or probate judge, but shall be in full force and effect as to county surveyor."

"SEC. 12. This act shall take effect and be in force from and after its publication in the official state paper."

The contention on behalf of the defendant is, that the act takes effect at different times, and therefore, under the decision in the case of *Comm'rs of Miami Co. v. Hiner*, 54 Kan. 334, and other cases following it, is void. The act under consideration in that case did not by the provisions of its last section all become a law at one time. The last section of the act under consideration in this case provides that it shall become a law from the date of its publication in the official state paper. It was said in the opinion in the case of *Comm'rs of Miami Co. v. Hiner:*

"Acts are frequently passed in the body of which provision is made that they shall act upon certain

classes and communities at different times, and upon the happening of certain contingencies, but there is a clear distinction between such acts and the one we are considering. In those cases the act goes into effect and becomes a law as an entirety, and if the act meets every contingency when it arises, and operates alike upon all that come within the scope of its authority, it is regarded as uniform in its operation, and is not to be deemed invalid merely because it does not become applicable to the classes, communities, or things at the same moment of time, or which may be subsequently governed by it.'' See, also, *Comm'rs of Cherokee Co. v. Chew*, 44 Kan. 162.

Many cases may arise in which it will be best that different sections of a statute shall become actively operative at different times, and where the old ought to be kept in force until the new law may operate justly and beneficially. All matters of mere policy or propriety are to be determined by the legislature, not by the courts. Whatever our view may be as to the propriety of making changes in the compensation allowed to public officers at different times, the question of propriety is not for us to decide. By separate enactments the legislature would undoubtedly have the power to make changes in the compensation of these county officials take place exactly as provided in section 10 of this act, by making the separate acts take effect and become operative at the expiration of the terms of office of the present incumbents. No valid reason exists why this may not be done by a single act. Chapter 91 of the Laws of 1893, which was under consideration in the case of *Finnegan v. Sale*, 54 Kan. 420, was open not only to the objection that it was attempted to make it take effect at different times, but part of the provisions in section 5 would have taken effect immediately and the rest at different times. The act we are now considering is not open to this ob-

jection. The fees and salaries of the respective officers are each fixed by separate sections of the statute complete in themselves. Section 5 of the act, making it the duty of the officers who are required to account for fees received to file a return thereof with the county clerk, by its terms only applies when the officers' fees are regulated by the act. The section would have full force and operation from the time the act took effect, and no part of it would remain in abeyance. It would have been competent for the legislature, in connection with section 1, which fixes the compensation of the county treasurer, to have fixed a date from and after which the compensation should be such as is provided in this section, and so as to the compensation of other county officers fixed by the succeeding sections. No valid reason is apparent why the same end may not be accomplished by a single section, such as section 10 of this act is. The act became a law on publication, and actively operative as to the county surveyor. As to the other county officers, it was also a law when published, but it did not change the compensation of the then incumbents of the county offices named, but did fix the compensation of their successors.

The judgment is reversed, with the direction to overrule the motion to quash the information.

All the Justices concurring.