THE BOARD OF COMMISSIONERS OF MONTGOMERY COUNTY v. JOHN W. GLASS.

No. 298.

FEES AND SALARIES — *Unconstitutional Act.* Chapter 124 of the Laws of 1891, being "An act regulating the fees and salaries of the county treasurer, county clerk, county attorney, probate judge, register of deeds, clerk of the district court, surveyor, superintendent of public instruction, coroner and sheriff of Montgomery county, Kansas," which provides that portions of the act shall go into effect and become a law on the expiration of the several terms of the officers named in said act, to wit, three different times, violates section 19, article 2, of the constitution of Kansas, and is invalid. (*Comm'rs of Miami County v. Hiner*, 54 Kan. 334.)

MEMORANDUM.— Error from Montgomery district court; J. D. McCUE, judge. Appeal by John W. Glass from an order of the Board of County Commissioners of Montgomery county rejecting a bill for salary as county clerk. Judgment for appellant. Appellee brings the case to this court. Affirmed. The opinion herein was filed July 13, 1896.

The statement of the case, as made by JOHNSON, P. J., is as follows :

This was an appeal in the court below. The defendant in error, John W. Glass, appealed to the district court of Montgomery county, Kansas, from an order of the board of county commissioners of said

county rejecting a bill presented for a balance claimed to be due on his salary as county clerk. The claim was disallowed, and the appeal perfected. The defendant in error filed a petition on said appeal, which contained the following statements :

That the appellant, John W. Glass, was elected county clerk of Montgomery county at the general election held November 5, 1893 ; that he qualified and entered upon the performance of his duties as such clerk on January 8, 1894, and has ever since performed such duties ; that chapter 141, section 2, of the Session Laws of Kansas of 1889, fixed his salary as county clerk at $2,400 per annum, payable quarterly ; that on the 8th day of April, 1894, there was due him, for salary for the first quarter, $600 ; that on March 3, 1891, the legislature of the state of Kansas passed and enacted an act entitled "An act regulating the fees and salaries of county treasurer, county clerk, county attorney, probate judge, register of deeds, clerk of the district court, surveyor, superintendent of public instructions, coroner and sheriff of Montgomery county, Kansas " ; that said law is unconstitutional and void ; that on the 9th day of April, 1894, he presented to the county commissioners of Montgomery county, Kansas, a bill for $450 for his salary as county clerk for the first quarter, which bill said commissioners allowed and paid him ; that at the time the bill was presented, allowed and paid as aforesaid there was an additional amount of $150 due him on his salary and fees for said first quarter, under the constitutional and valid laws of the state of Kansas ; that on April 13, 1894, he presented a bill to said commissioners for said additional sum of $150, and it was rejected, whereupon he appealed from the decision disallowing said bill to the district court ; that there is due, owing and un-

paid to him from said commissioners the sum of $150, and interest thereon from April 13, 1894, at the rate of 6 per cent. per annum, for which amount judgment was asked.

At the October term, 1894, the appellee, the board of county commissioners of said Montgomery county, Kansas, filed a general demurrer to said petition. The court heard and overruled the demurrer, and the appellee elected to stand on its demurrer. The said court rendered judgment against it therein, and in favor of the appellant, for $150, and interest thereon at the rate of 6 per cent. per annum from April 13, 1894. To all of which the plaintiff in error excepted, and now brings the case here on error, and asks a reversal of the ruling and judgment of the court below.

*William Dunkin*, for plaintiff in error.
*J. D. McCue*, for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J. : The sole question in this case is as to the constitutionality of chapter 124 of the Laws of 1891. It is admitted by the briefs of both parties that, if this law is constitutional, the court erred in rendering judgment for the plaintiff below, but if the law is unconstitutional the judgment of the district court should be affirmed.

The title of the act is, "An act regulating the fees and salaries of county treasurer, county clerk, county attorney, probate judge, register of deeds, clerk of the district court, surveyor, superintendent of public instruction, coroner and sheriff of Montgomery county, Kansas." This is a special act to regulate the fees and salaries of the county officers of Montgomery county, but its validity is not challenged on account

of its being a special law where a general law could be made applicable. It is conceded that the supreme court of this state has irrevocably established the doctrine that the legislature must necessarily determine whether its purpose can or cannot. be expeditiously accomplished by a general law; and it is not now an open question as to whether the framers of the constitution intended to prohibit local laws where general laws could be made applicable.

The constitutionality of this act is challenged for the reason that it fails to fix a definite time when all of its provisions shall take effect and be in force, and therefore is in conflict with that clause of section 19 of article 2 of the constitution of the state which reads: "The legislature shall prescribe the time when its acts shall be in force." Sections 2 to 15, both inclusive, designate the fees and salaries that the several county officers named in the title of the act shall receive for their services. Section 17 reads:

"This act shall take effect and be in force from and after its publication in the statute-book, and after the present term of the officers hereinbefore named, respectively, shall have expired."

The term of office of the several officers named in the act expired at three different times, and the contention is that this act, by the plain provisions of section 17, is intended to make the act take effect as to each of the officers named at the expiration of the term of the officers, and thereby intending that the law shall take effect at three several times, as each office expires, and this question depends upon the fair construction of the language expressed by the author of the bill.

In order to ascertain the real meaning and sense of a statute, there should be an examination of the entire act, to gather the intention and meaning of each

19—4 KAN. APP.

section, sentence and word employed by the legislature. From an examination of this statute, we find that it is intended to change the compensation thereafter to be paid to the county officers of Montgomery county, Kansas, and the act was not intended to interfere with the fees and salaries of the persons who then held the several offices in that county. Section 17 provides that the act shall take effect and be in force from and after its publication in the statute book, and after the present term of the officers hereinbefore named, respectively, shall have expired. It is insisted by counsel for plaintiff in error that the plain construction of this section means that the act shall take effect upon the expiration of the terms of all the officers named; that it takes effect as an entirety. We do not think that the language used in this section is susceptible of this construction. We think the words, "and after the present term of the officers hereinbefore named, respectively, shall have expired," refers to each officer as his term expires. The legislature intended this act to take effect at three different times, on the expiration of the term of each of the respective occupants thereof.

Potter's Dwarris on Statutes and Constitutions, page 145, says:

"Whether courts are interpreting an agreement between parties, a statute, or a constitution, the thing to seek is *the thought which it expresses.* To ascertain this, the first resort in all cases is to the natural signification of the words employed, in the order and grammatical arrangement in which they stand. If, thus regarded, the words embody a definite meaning, which involves no absurdity, and no contradiction between different parts of the same writing, then that meaning apparent upon the face of the instrument is the one which *alone* we are at liberty to say was intended to be conveyed. In such case there is

no room for construction. That which the words declare is the meaning of the instrument; and neither the courts nor the legislature have a right to add to or take away from that meaning."

Tested by this rule, we must have due regard for the words employed by the author of this act, and give to the words used their plain, ordinary meaning in the order in which they occur in the sentence. The word "respectively," as used in this statute, is intended to limit and qualify the words "after the present term of the officers hereinbefore named shall have expired," and applies to each of said officers singly, and, as thus construed, the act was to go into force as to each officer named as the term of his office expired, and for this reason this act is obnoxious to the constitutional provision requiring the legislature to fix a definite time for all of its acts to take effect.

In the case of *Comm'rs of Miami Co. v. Hiner*, 54 Kan. 334, JOHNSTON, J., delivering the opinion of the court, says:

"The constitutional limitation referred to provides that 'the legislature shall prescribe the time when its acts shall be in force.' This provision plainly requires that the legislature shall fix a single, definite time when its acts as an entirety shall become a law. According to the practice and legislative course in this state, the last section of every act fixes a definite time when the act as a whole shall go into effect. It is sometimes by publication in a newspaper, in the statute-book, or at some time fixed after a publication has been made. It was not intended that one section or provision of an act should become a law while other sections or provisions of the same act were in an inchoate and embryonic stage. A legislative act, whether general or special, is passed as an entirety, approved as an entirety, and the generally accepted interpretation of the constitutional limitation is that it must become a law as an entirety."

This act being obnoxious to the plain provision of the constitution, the district court did not err in overruling the demurrer of the defendant below and rendering judgment for the plaintiff below.

The judgment of the district court is affirmed.

All the Judges concurring.