P. Darby v. The Board of County Commissioners of Washington County.

#### No. 290.

Fees and Salaries — *Statute not Unconstitutional.* Chapter 93 of the Laws of 1893, entitled "An act regulating the salaries of the county treasurer, county clerk, register of deeds, county attorney, probate judge, superintendent of public instruction and clerk of the district court of Washington county," is constitutional.

Error from Washington district court; F. W. Sturges, judge. Opinion filed March 5, 1898. Affirmed.

*Charles Smith*, for plaintiff in error.

*T. P. Roney*, for defendant in error.

The opinion of the court was delivered by

McElroy, J.: This action was brought by the plaintiff, Darby, against the board of county commissioners of Washington county. The plaintiff was

treasurer of Washington county and claimed that he was entitled to recover compensation for his services at the rate of $2500 per annum, under chapter 147, Laws of 1889. The legislature, by chapter 93, Laws of 1893, fixed the compensation of the treasurer of Washington county at $2000 per annum. Defendant filed a demurrer to plaintiff's petition which was sustained by the court, upon the theory that chapter 93, Laws of 1893, was valid. The plaintiff in error excepted, and presents the case to this court for review.

The only question presented in this case is as to the constitutionality of chapter 93, Laws of 1893, entitled "An act regulating the salaries of the county treasurer, county clerk, register of deeds, county attorney, probate judge, superintendent of public instruction and clerk of the district court of Washington county." We are unable to find any distinction between chapter 93 and chapter 81, Laws of 1893. The latter was held by the supreme court to be constitutional, in the case of *The State v. Newbold*, 56 Kan. 71. All that the supreme court said in relation to chapter 81 is equally applicable to the chapter under consideration. Within the authority of the case of *The State v. Newbold*, supra, chapter 93, Laws of 1893, is constitutional.

The judgment will be affirmed.