CHARLES B. HARDY *et al.* v. THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF KINGMAN.

No. 12,296.   (68 Pac. 1078.)

SYLLABUS BY THE COURT.

1. CONSTITUTIONAL LAW—*Fees and Salaries—Act of 1897.* The
subject of accounting by county officers for fees collected by them
and paying a portion collected into the county treasury, as re-
quired by chapter 131, Laws of 1897 (Gen. Stat. 1901, §§ 3023-
3070), is included in the title of the act, to wit: "An act fixing
the fees and salaries of certain persons and officers therein named."

2. ——— *Invalidity of Forfeiture Section does not Destroy
the Act.* Assuming, but not deciding, that the provision con-
tained in section 14 of chapter 131, Laws of 1897, imposing a pen-
alty on the register of deeds of a money forfeiture of ten dollars
per day to be paid to the county for each day's failure by him to ac-
count for and pay into the treasury one-half the fees collected by
him, is unconstitutional, as being an attempt to divert the pro-
ceeds of fines for breaches of the penal laws from the common-
school fund, such invalidity does not impair any other parts of
the act, because the penal provision is not such an integral por-
tion of the whole law as to be inseparable from it, and it may
fall of itself without destroying the remainder.

Error from Kingman district court; P. B. GILLETT,
judge.   Opinion filed May 10, 1902.   *In banc.*   Af-
firmed.

*C. W. Fairchild, John C. Foley,* and *Chas. V. Hardy,*
for plaintiffs in error.

*J. Q. Jenkins,* and *Geo. L. Hay,* for defendant in
error.

The opinion of the court was delivered by

DOSTER, C. J.:  This was an action by the board of
county commissioners of Kingman county against
Charles B. Hardy, as register of deeds, and the sure-
ties on his official bond, to recover fees collected by

him and not accounted for as required by chapter 131, Laws of 1897. Judgment went against the defendants, to reverse which they have prosecuted error.

Chapter 131, Laws of 1897 (Gen. Stat. 1901, §§ 3023–3070), is entitled "An act fixing the fees and salaries of certain officers and persons therein named." It applies principally to county officers. It specifies the compensation, by way of fixed salary, which they shall receive, schedules a list of fees which they are entitled to charge the patrons of their offices as additional compensation, and provides that a portion of the fees collected shall be covered into the county treasury. The provision in that respect relating to the register of deeds is as follows (Gen. Stat. 1901, § 3035) :

"And if, in any one year, the fees charged shall be more than the sums above specified in their respective counties, the said registers of deeds shall pay to the county treasurer of their respective counties one-half of such excess, when collected, taking duplicate receipts therefor, one of which they shall file with the county clerk, and such money shall become part of the general fund of the county."

Section 14 of the act reads as follows :

"The county treasurer, county clerk, county attorney, clerk of district court, sheriff, probate judge and register of deeds shall keep a book to be called 'fee-book,' to be provided by the county commissioners. They shall keep a true and accurate account of all fees by them charged and collected, setting forth against whom said fees are charged, by whom paid, for what service rendered, and the date of such charges, rendition, and payment. Said book shall be open to public inspection during office hours. Each of the officers named in this section shall, on the first day of the regular session of the board of county commissioners in the months of January, April, July and October of each year make out and file with the county clerk

and present to said board a true and itemized statement verified by affidavit, which statement shall show all .fees by him charged and collected during the preceding quarter and the fees due and uncollected, against whom charged, by whom paid, for what service, and the date thereof, and the number and page of the fee-book in which such items are entered : *Provided*, That if any of the officers herein named in this section shall fail to keep a full and correct account of fees charged and received, or shall fail to make the report herein provided for to the board of county commissioners, or shall fail to pay the money due the county as shown by such report, or if he shall fail to deliver to the board of county commissioners on demand for their inspection the fee-books herein provided, he shall forfeit to the county ten dollars for each day he shall negligently fail so to do : *Provided further*, That if such failure shall continue for fifteen days he shall forfeit his office : *And provided further*, That nothing contained in this section shall prevent the prosecution of any such officer under any other law of this state for his failure, neglect or refusal to perform any of his official duties : *Provided further*, That if any board of county commissioners shall neglect to audit, or shall audit and order to be paid any quarterly or other instalment of the salary of any of the aforenamed officers receiving a salary, until the report be made and sworn to by said officers as herein provided, each member of said board voting in favor of such order shall be subject to a fine of $100, to be recovered for the use of the common-school fund as in other cases.''

Hardy, the register of deeds, charged and collected fees in excess of his salary, but he did not turn the one-half into the treasury. The suit was to recover the portion due the county, and, also, to recover the penalty of ten dollars per day authorized by the above section for failure to make payment. The court ren-

dered judgment for the portion of excess fees due the county, but refused to enforce the penal provision.

Two principal claims of error are made. The first is that the title of the act is not broad enough to include the subject of accounting to the county for fees collected by the officer. It is said that the obligation to keep an account of fees received, and to pay a portion of such fees to the county treasurer, is not a "fixing" of fees, and therefore is not comprehended within the title of the act. The argument is that to fix the fees of an officer is to declare what they shall be, and to authorize him to charge and collect them —not to impose on him the obligation to account to some one else for them. This argument places upon the word "fixing" a construction entirely too literal. One upon whom the obligation to know the fees of a public officer is cast is not permitted to look merely at the section which schedules them, but he is required to look at all portions of the act which gives them, because he is required to look for conditional and modifying clauses as well as for the main provision. What one part of the statutes fixes with seeming definiteness may be qualified or controlled by other parts. So looking in this case, it is perceived that what is given by one section of the act is in part taken away by another; that while one section permits the officer to charge and collect, another permits him to retain only as to one-half. That is a fixing of his fees at the one-half of that which he is authorized to charge and collect.

This view is made clearer because of the fact that twice heretofore this court has upheld the right of the legislature, as against other constitutional objections, to require public officers to cover portions of their fees into the treasury. ( *County of Neosho v. Leahy*, 24

Kan. 54; *Comm'r of Cherokee Co. v. Chew*, 44 Kan. 162, 24 Pac. 62.)   There is much legislation of the kind in the statutes of this state.   The titles of the acts in question in the two cases cited were the same as the title of the present one.   Hence, it can be said that the legislative policy of the state has been to uphold them as against all objections thus far made. Inquirers into the subjects embraced in the titles of acts of such character are therefore chargeable with a knowledge of that legislative policy and that course of decision, and they must therefore broaden their conceptions of the possible cognate subjects involved in the titles of such acts; that is to say, that the titles of the acts must be interpreted in the light of the legislative practice and the course of judicial decision, as well as by the literal meaning of the words employed.

The other principal claim of error is that the provision contained in section 14, above quoted, which imposes a penalty of ten dollars per day, to be paid to the county for each day's failure to account for the excess fees, is violative of section 6 of article 6 of the constitution, which requires fines for breaches of the penal laws to be appropriated to the support of the common schools.   That provision, so it is said, is an integral part of the whole chapter, without which no part of it can stand.   The proposition reduced to its necessary terms is that it cannot be presumed that the legislature would have passed any of the act but for the penal provision in question as an inducement to the remainder.   Stated that way, and that is the way it must be stated in the ultimate, its unsoundness becomes manifest.   It is not necessary for us to determine whether the provision that "he shall forfeit to the county ten dollars for each day," etc., is

to be understood as a diversion of the penal sum from the school fund. The plaintiffs in error were not adjudged to pay the penalty. They were relieved from it on the ground that it could not be constitutionally assessed against them; hence, they make a claim of invalidity of the penal clause as a premise from which to argue the invalidity of the whole act.

We may assume, as counsel do, that the forfeiture of the penalty to the use of the county is a diversion of it from the school fund, and therefore unauthorized, but it does not follow therefrom that the whole act must fail, nor even that the proviso requiring the officers to account for and pay a portion of the fees must fail. It is only where one portion of an act is conditioned on another, only when the enactment of one portion was induced by the enactment of another, only when the concurrence of the two is necessary to the making of a complete whole, or, to state it with more exactness, only when it is clear that in the legislative judgment the two were regarded as concomitant, that the striking down of one brings on the fall of the other. The subject of the constitutional interdependence of the different parts of statutes was elaborately considered in *Central Branch U. P. R. Co. v. Atchison, T. & S. F. R. Co.*, 28 Kan. 453, and the rule, as we have attempted to state it, is drawn from that case. In our judgment it is not reasonable to suppose that the legislature would have omitted the requirement on county officers to account for and pay into the treasury a portion of the fees collected by them because it could not constitutionally impose upon them a money penalty for their delinquency; or, to state it in another way, it cannot be thought that the legislative supposition of a right to impose

the penalty for a failure to account was the inducing cause of the requirement to render the account.

Other claims of error of a minor nature are made. We have carefully examined into all of them. None of them is well founded, and the judgment of the court below is affirmed.

All the Justices concurring.